# EXHIBIT C1

6/11/2020 1:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43667835
By: Monica Jackson
Filed: 6/11/2020 1:42 PM

CAUSE NO._____

| | | |
|---|---|---|
| **GERALD AUBRY** | § § § | **IN THE DISTRICT COURT OF** |
| **VS.** | § § § § | **HARRIS COUNTY, TEXAS** |
| **JACINTOPORT INTERNATIONAL LLC** | § | _____ **JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GERALD AUBRY, Plaintiff herein, complaining of Defendant, JACINTOPORT INTERNATIONAL LLC, and for cause of action, Plaintiff would respectfully show the Court the following:

I.

Plaintiff is a resident of Jefferson County, Texas.

Defendant, JACINTOPORT INTERNATIONAL LLC, is a Texas company and may be served with process through its registered agent, COGENCY GLOBAL INC., at 1601 Elm St., Suite 4360, Dallas, TX 75201.

II.

Venue is proper in this Court in that a substantial part of the events or omissions giving rise to the cause of action at issue occurred in Harris County, Texas.

III.

Plaintiff would show that on or about November 19, 2019, Plaintiff was employed by Labor Finders loading containers on a vessel when a crane operator was attempting to pile up containers and dropped a material on Plaintiff's head and shoulder. Defendant's failure to properly operate the crane and/or adequate and necessary train its crane operator and/or provide necessary

maintenance to the crane resulted in Plaintiff suffering severe and permanent injuries to his head, shoulder, cervical spine, back and body generally.

IV.

Plaintiff would further show that he was gainfully employed at the time of the accident in question and has suffered damages from loss of earnings and loss of earning capacity in the past and that his capacity to earn wages in the future has been substantially impaired and injured as a result of this accident.

V.

Plaintiff would show that the incident made the basis of this suit, his injuries and damages arose from the negligence of the Defendant, through their respective agents, servants and/or employees.

Plaintiff further alleges that Defendant, their agents, servants and/or employees negligently caused or permitted such condition to exist, in spite of the fact that Defendant's agents, servants and/or employees knew, or in the exercise of ordinary care should have known, of the existence of the dangerous condition and that there was a likelihood of someone being injured as happened to the Plaintiff.

Further, Defendant, their agents, servants and/or employees were guilty of certain acts and/or omissions, each and all amounting to reckless and/or negligence.  Said acts and/or omissions include, without limitation, the following:

    a.    In failing to foresee the likelihood of injury imposed by its respective agents, servants and/or employees;

    b.    In failing to control the conduct of the its respective agents, servants and/or employees;

    c.    In failing to properly maintain faulty equipment;

2

  d. In failing to use ordinary care to prevent foreseeable injury;

  e. In failing to use ordinary care in taking precautions to protect the safety of others;

  f. In failing to implement or install proper safety devices or guards to prevent foreseeable injury to others;

  g. In failing to properly train and supervise its employees/independent contractors and/or others;

  h. In failing to provide a reasonably safe workplace for its employees/independent contractors and/or others; and

  h. In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages, which are described below.

VI.

As a proximate result of the incident made the basis of this suit and Defendant reckless and/or negligent acts and/or omission, the Plaintiff brings this suit against the Defendant individually and/or through their respective agents, servants, and/or employees to recover damages for the following:

(1) Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

(2) Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

(3) Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and all reasonable probability, would be sustained in the future;

(4) Physical impairment in the past and in the future;

(5) Loss of earnings and loss of earning capacity;

(6) Disfigurement in the past;

3

(7)     Disfigurement in the future;

(8)     Pre-judgment and post-judgment interest; and

(9)     Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

The above-listed elements of damages were brought about to occur and were proximately caused by the reckless and/or negligence acts and/or omission of the Defendant herein.

VII.

Plaintiff would further show that at all times material hereto, Defendant's agents, servants, and/or employees were acting within the course and scope of their employment with Defendant and, therefore, Defendant is vicariously liable for any and all acts of negligence on the part of Defendant's agents, servants, and/or employees under the doctrine of *respondeat superior*.

VIII.

Although the amount to be awarded herein to Plaintiff for his actual damages is a matter lying largely within the discretion of the jury, Plaintiff would show that said amount greatly exceeds the minimum jurisdiction of this Honorable Court. In this regard, Plaintiff requests that the Jury award him fair and reasonable compensation for Plaintiff's damages. Based on the information currently available to Plaintiff, Plaintiff seeks monetary relief according to Texas Rules of Civil Procedure 47(c)(5) to fairly and reasonably compensate him for his injuries, damages and losses.

IX.

Plaintiff further alleges that the Defendant's acts and/or omissions, directly and/or indirectly, as described herein, were the result of the Defendant's heedless and reckless disregard for the safety of Plaintiff. Defendant's acts and/or omissions when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant

4

had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. By reason of the Defendant's gross negligence and malice, Plaintiff hereby seeks recovery of exemplary damages.

X.

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

XI.

WRITTEN DISCOVERY

Request For Disclosure

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

Interrogatories

Plaintiff's Interrogatories to Defendant JACINTOPORT INTERNATIONAL LLC is attached as "Exhibit A."

Requests For Production

Plaintiff's Requests for Production to Defendant JACINTOPORT INTERNATIONAL LLC is attached as "Exhibit B."

Requests For Admission

Plaintiff's Requests for Admission to Defendant JACINTOPORT INTERNATIONAL LLC is attached as "Exhibit C."

XII.

## RULE 193.7 NOTICE

Plaintiff intends to use all Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be duly cited in terms of law to appear and answer herein, and that upon final hearing, Plaintiff has judgment against said Defendant, which are within the minimal jurisdictional limits of this Court, for both pre-judgment and post-judgment interest thereon at the legal rate, exemplary damages, for cost of court, and for such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Telefax: (409) 813-8605


By: /s/ *Fabiana Baum*
      FABIANA BAUM
      State Bar No. 24101489
      fbaum@pulf.com

ATTORNEY FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

>    /s/ *Fabiana Baum*
> Fabiana Baum