# EXHIBIT C5

12/9/2021 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59881374
By: Ozuqui Quintanilla
Filed: 12/9/2021 3:08 PM

CAUSE NO. 2020-35065

| | | |
|---|---|---|
| GERALD AUBRY | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JACINTOPORT INTERNATIONAL, LLC | § | 189TH JUDICIAL DISTRICT |

### DEFENDANT SEABOARD MARINE LTD.'S ORIGINAL ANSWER

Defendant Seaboard Marine Ltd. ("Defendant" or "Seaboard") files this Original Answer to Plaintiff's Second Amended Petition (the "Petition") and responds as follows:

### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, material allegations in Plaintiff's Second Amended Petition and demands Plaintiff be required to prove each of his claims against Defendant by a preponderance of the evidence. Furthermore, Defendant expressly reserves the right to amend its answer as the facts are discovered and more information becomes available.

### SPECIAL EXCEPTIONS

2. Defendant specially excepts to Plaintiff's Second Amended Petition pursuant to Rule 91 of the Texas Rules of Civil Procedure. Defendant respectfully requests that the Court order Plaintiff to replead and cure the defects in his Petition. Should Plaintiff fail to cure the defects, Defendant requests that the Court strike Plaintiff's claims against the Defendant.

3.     Defendant specially excepts to Plaintiff's Second Amended Petition because Plaintiff has not described in plain and concise language how this Defendant was negligent. TEX. R. CIV. P. 45(b). Plaintiff vaguely states that Defendant was negligent: "In failing to foresee the likelihood of injury imposed by its respective agents, servants and/or employees"; "In failing to properly direct the loading of the SB America"; "In failing to use ordinary care to prevent foreseeable injury"; "In failing to use ordinary care in taking precautions to protect the safety of stevedores"; "In failing to properly train and supervise its employees/independent contracts and/or others"; "In failing to provide a reasonably safe workplace for its employees/independent contractors and/or others"; and "In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial[,]" but fails to describe how this Defendant acted negligently in performing such actions, which statutory duties and/or rules were purportedly violated, or how such actions causally led to Plaintiff's injuries. Additionally, Plaintiff does not differentiate which of these alleged negligent actions were specifically performed by this Defendant, as opposed to other parties in this action. More specifically, Plaintiff refers to both Seaboard and former defendant Jacintoport International, LLC in his Second Amended Petition but does not distinguish which defendant performed which negligent actions alleged in the Petition. Such general allegations do not give Defendant fair notice of the factual or legal basis of Plaintiff's cause of action. *See Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007).

4.     Defendant further specially excepts to Plaintiff's Second Amended

Petition because Plaintiff has not specified the amount claimed in damages as required by Texas Rule of Civil Procedure 47(c). Plaintiff should be required to replead to state the maximum amount of damages sought.

## AFFIRMATIVE DEFENSES

5. Subject to and without waiving the forgoing General Denial, Defendant respectfully asserts, pursuant to Rule 94 of the Texas Rules of Civil Procedure, the following affirmative defenses which singularly, or in combination, bar Plaintiff's right to recover, in whole or in part, the damages alleged in Plaintiff's Second Amended Petition.

6. Plaintiff's Petition fails to state a claim against Defendant upon which relief can be granted.

7. Plaintiff's claims are preempted by federal statute, specifically the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq.

8. Plaintiff's claims are barred in whole or in part by the exclusive remedy provision of the LHWCA, 33 U.S.C. § 905, and/or the Texas Workers' Compensation Act.

9. Defendant denies that Plaintiff sustained any injury as alleged. However, should it be found that the Plaintiff was injured as alleged, such injuries and/or damages were proximately caused in whole or in part by Plaintiff's own acts, omissions, negligence, and/or negligence per se. Accordingly, Plaintiff's recovery, if any, should be barred or diminished by his own contributory negligence and

PD.36152895.1

comparative fault.

10.   Plaintiff's alleged damages arose out of certain risks, dangers, and/or hazards, all of which were plainly observable, open, obvious, assumed, and/or known to Plaintiff. All such risks, dangers, and/or hazards were known or assumed by Plaintiff, and Defendant is not liable.

11.   In the unlikely event that Defendant is held liable to Plaintiff for any amount, Defendant specifically pleads, invokes, and reserves its rights as guaranteed by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code including, but not limited to, the following:

   a. The right to a reduction of any dollar verdict which may be rendered in this case in accordance with §§ 33.012–.013 of the Texas Civil Practice and Remedies Code.

   b. The right to have the trier-of-fact compare the responsibility of each party, each settling person, and each responsible third party and assign percentages to such parties, persons, and responsible third parties, in accordance with the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

   c. The right to contribution in accordance with the provisions of Chapter 32 and §§ 33.015–.016 of the Texas Civil Practice and Remedies Code.

12.   The incident made the basis of this lawsuit, as well as the damages complained of, were the result of a new, independent, intervening, and/or superseding cause over which Defendant had no control and which was not reasonably foreseeable, which destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate cause of such occurrence.

13. The incident made the basis of this lawsuit was caused by the negligent acts or omissions of third parties over whom Defendant had no control, or right of control, or for whom Defendant is not responsible, and that negligence was a proximate or producing cause, or in the alternative, was the sole proximate or producing cause, of the incident and the Plaintiff's alleged injuries and damages, if any.

14. If Plaintiff was injured as alleged, he has failed to mitigate his damages and/or has engaged in conduct to exacerbate his damages, and Plaintiff's award, if any, should be reduced in accordance with that failure and/or conduct.

15. If Plaintiff was injured as alleged, his injuries were caused or contributed to in whole or in part by an unavoidable accident(s), Act of God, and/or conditions of tide, wind, or other inevitable hazard or peril of the sea, and/or by inscrutable fault.

16. In the event of a damage award against Defendant, Defendant is entitled to an offset or credit for all amounts previously paid to Plaintiff in settlement.

17. Any recovery by the Plaintiff for medical or healthcare expenses is limited to the amount actually paid or incurred pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code and/or *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 385 (5th Cir. 2012).

18. If Plaintiff suffered from any pre-existing/subsequently occurring condition not caused by any action or inaction on the part of Defendant, and if Plaintiff is entitled to any recovery, which is denied, Plaintiff can recover only on any

exacerbation of the pre-existing condition and should not be compensated for the pre-existing/subsequently-occurring condition itself. If Plaintiff is injured, or if he claims to be presently unable to work, which is denied, the reason may be due, in whole or in part, to pre-existing/subsequently-occurring illnesses, injuries, or conditions unrelated to the alleged incident and for which Defendant has no legal liability.

19. If Plaintiff seeks recovery of loss of earnings, loss of earning capacity, and/or loss of other contributions of pecuniary value, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law in accordance with Section 18.091 of Texas Civil Practice & Remedies code. Further, if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, and/or loss of other contributions of a pecuniary value, Defendant requests that the Court instruct the jury as to whether any recovery for such compensatory damages sought by Plaintiff is subject to state or federal income taxes.

20. If pre-judgment or post-judgment interest is recoverable in this case, which is denied, such interest is limited in accordance with the provisions of Chapter 304 of the Texas Finance Code and *Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877 (5th Cir. 1984).

21. Punitive damages are improper as a matter of law. However, if Defendant is found liable for exemplary damages, those damages must be capped and/or limited under the general maritime law, Texas Damages Act, Texas Civil Practice and Remedies Code Chapter 41, and the Due Process Clauses of the United

States and Texas Constitutions.

22. Defendant reserves the right to supplement or amend this Answer to assert additional defenses as discovery of the case progresses.

## DOCUMENT USE

23. Defendant gives actual notice to Plaintiff and to all other parties that any and all documents produced during discovery may be used against Plaintiff or any other party at any pretrial proceeding and at the trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## PRAYER

The above is respectfully submitted to the Court by Defendant Seaboard Marine Ltd., who prays that Plaintiff take nothing, that Defendant recover all costs, and that Defendant be granted all other and further relief to which it is entitled.

Respectfully submitted,

PHELPS DUNBAR LLP

BY:  /s/ Marc G. Matthews
     Marc. G. Matthews
     Texas Bar No.: 20455921
     Andrew R. Nash
     Texas Bar No.: 24083550
     910 Louisiana Street, Suite 4300
     Houston, Texas 77002
     Telephone: 713-626-1386
     Telecopier: 713-626-1388
     Email: marc.matthews@phelps.com
     Email: andy.nash@phelps.com

**ATTORNEYS FOR DEFENDANT SEABOARD MARINE LTD.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the 9th day of December, 2021, on the following parties in accordance with the Texas Rules of Civil Procedure:

Christopher T. Kirchmer
Fabiana Baum
PROVOST UMPHREY LAW FIRM
490 Park St.
P.O. Box 4905
Beaumont, Texas 77704
ckirchmer@pulf.com
fbaum@pulf.com
**ATTORNEYS FOR PLAINTIFF**

     /s/ *Marc G. Matthews*
     Marc G. Matthews

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Valeria Compean on behalf of Marc Matthews
Bar No. 24055921
Valeria.Compean@phelps.com
Envelope ID: 59881374
Status as of 12/9/2021 3:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marc Matthews | | marc.matthews@phelps.com | 12/9/2021 3:08:17 PM | SENT |
| Fabiana Baum | | fbaum@pulf.com | 12/9/2021 3:08:17 PM | SENT |
| Stormy Strickland | | stormy.strickland@phelps.com | 12/9/2021 3:08:17 PM | SENT |
| Andrew Nash | | andy.nash@phelps.com | 12/9/2021 3:08:17 PM | SENT |
| Emily Zamora | | ezamora@provostumphrey.com | 12/9/2021 3:08:17 PM | SENT |
| Dawn Bebell | | Dawn.Bebell@phelps.com | 12/9/2021 3:08:17 PM | SENT |
| Renee Coulter | | coulterr@phelps.com | 12/9/2021 3:08:17 PM | ERROR |
| Christopher Kirchmer | | ckirchmer@provostumphrey.com | 12/9/2021 3:08:17 PM | SENT |
| Mercedes Nguyen | | mnguyen@provostumphrey.com | 12/9/2021 3:08:17 PM | SENT |